IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARK ANTHONY WESSON**
*Ex Rel Mark Wesson-Bey*                                                                                    **PLAINTIFF**

v.                                    Case No. 4:21-cv-00827 JM

**SANTANDER CONSUMER USA**                                                                **DEFENDANT**

**MARK ANTHONY WESSON**
*Ex Rel Mark Wesson-Bey*                                                                                    **PLAINTIFF**

v.                                    Case No. 4:21-cv-00828 JM

**ELIZABETH DUTY, Attorney,**
**J.P. Morgan Mortgage Acquisition Corp;**
**IBERIABANK MORTGAGE COMPANY;**
**CARRINGTON MORTGAGE SERVICES, LLC;**
**ARKANSAS SECURITIES DEPARTMENT**                                                    **DEFENDANTS**

**ORDER**

Plaintiff Mark Wesson's motions to proceed *in forma pauperis* (Doc. 1) are granted.[1] He reports no income and few assets. The law requires that the Court screen the Complaints.[2]

Wesson alleges that he has been subjected to a federal tort and loosely asserts fraud. As best the Court can tell, it appears that Wesson believes that a recent discharge in bankruptcy court[3] protects him from the loss of certain property. Specifically, Wesson argues that Defendant Santander unlawfully repossessed his car and that the remaining Defendants are unlawfully pursuing foreclosure proceedings against his real property. In neither case does Wesson state what relief he seeks in this Court.

---

[1] *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

[2] 28 U.S.C. § 1915(e)(2).

[3] *In re Wesson*, No. 4:19-bk-11340 (E.D. AR).

A review of that bankruptcy docket reveals that Wesson was issued a discharge on March 9, 2020.[4] Of course, Wesson's Chapter 7 discharge only discharges his personal obligation while any liens held by secured creditors generally survive bankruptcy.[5] And, while Wesson's bankruptcy case is now closed, a hearing is set in that court on October 14, 2021, to hear Wesson's request for relief from the upcoming foreclosure.[6]

It is unclear from his papers what Wesson is requesting. If he is alleging a violation of the discharge injunction, he may file a motion for sanctions[7] in his bankruptcy case[8] or raise the discharge injunction as a defense to the state court foreclosure action.[9] Or, is Wesson attempting to challenge the validity of the liens held by the secured creditors? If so, he must sufficiently plead this Court's jurisdiction.

Federal courts are courts of limited jurisdiction, meaning they only have the authority to hear certain kinds of cases. This is called subject-matter jurisdiction. Cases over which federal courts do not have subject-matter jurisdiction must be dismissed.[10] There are two basic types of

---

[4] *Id.*, Doc. 94.

[5] *See* 11 U.S.C. § 524(a); *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991); *In re Annen*, 246 B.R. 337, 340 (B.A.P. 8th Cir. 2000).

[6] *In re Wesson*, *supra*, Doc. 107 & 108.

[7] "Sanctions are available for a willful violation of a discharge injunction." *First State Bank of Roscoe v. Stabler*, 914 F.3d 1129, 1140 (8th Cir. 2019) (citing *Walton v. LaBarge (In re Clark)*, 223 F.3d 859, 864 (8th Cir. 2000) ("[11 U.S.C. §] 105[ (a) ] gives to bankruptcy courts the broad power to implement the provisions of the bankruptcy code and to prevent an abuse of the bankruptcy process, which includes the power to sanction counsel.")); s*ee also Taggart v. Lorenzen*, 139 S. Ct. 1795, 1803 (2019).

[8] The bankruptcy court's decision may be appealed either to this Court or the Bankruptcy Appellate Panel. *See* FED. R. BANKR. P. 8003, 8005.

[9] State courts have concurrent jurisdiction to determine the scope of a debtor's discharge. *See* 28 U.S.C. § 1334(b); *Taggart*, 139 S. Ct. at 1803 (citing Advisory Committee's 2010 Note on subd. (c)(1) of FED. R. CIV. P. 8, 28 U.S.C. App., p. 776 (noting that "whether a claim was excepted from discharge" is "in most instances" not determined in bankruptcy court)).

[10] FED. R. CIV. P. 12(h)(3).

subject-matter jurisdiction: diversity jurisdiction and federal-question jurisdiction. Neither exists here.

Diversity jurisdiction exists if the dispute is between "citizens of different states" and the amount in controversy exceeds $75,000.[11] While Wesson and Santander are citizens of different states, Wesson and the remaining defendants are not. Regardless, Wesson does not allege an amount in controversy. As a result, diversity has not been shown.

Federal question jurisdiction exists if the case arises "under the Constitution, laws, or treaties of the United States."[12] Here, there is no apparent federal question. While Wesson alleges a federal tort, none of the defendants can be sued under the Federal Tort Claims Act as none of them are government actors. Wesson cites the Truth in Lending Act in his Complaint concerning the foreclosure of his home; however, Wesson has not asserted that details about the terms of his loans were withheld. *See* 15 U.S.C. § 1601(a)). If Wesson is simply trying to challenge the validity of the liens that survived his bankruptcy proceeding, then, absent diversity, that matter is a state property law issue and can be raised in state court.

Absent subject-matter jurisdiction, the case must be dismissed.

IT IS SO ORDERED this 23rd day of September, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[11] 28 U.S.C. § 1332.

[12] 28 U.S.C. § 1331.